1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

UNITED STATES OF AMERICA,

12

             Plaintiff - Respondent,

13

    vs.

14

LUIS SALAS-RODRIGUEZ,

             Defendant - Petitioner.

Criminal Case No. 12-CR-1244-WQH
Civil Case No. 15-CV-1623-WQH

**ORDER**

15

HAYES, Judge:

16

      The matter before the Court is the motion to vacate, set aside or correct sentence

17

by a person in federal custody pursuant to 28 U.S.C. Section 2255 filed by the

18

Defendant Luis Salas-Rodriguez.  (ECF No. 126).

19

**FACTS**

20

      On March 14, 2012, Defendant was arrested and subsequently charged in a

21

Superseding Indictment with conspiracy to commit kidnaping, in violation of 18 U.S.C.

22

§ 1201(c); conspiracy to commit extortion by threat of force, in violation of 18 U.S.C.

23

§ 1951; conspiracy to distribute 50 grams and more of methamphetamine (actual), in

24

violation of 21 U.S.C. §§ 841(a)(1) and 846; and inducing and encouraging an illegal

25

alien to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).  (ECF No.

26

19).

27

      On April 26, 2013, pursuant to a plea agreement, Defendant entered a plea of

28

guilty before this Court to Count 1 of the Superseding Indictment charging him with

conspiracy to commit kidnaping, in violation of 18 U.S.C. § 1201(c).  (ECF No. 87).

Defendant admitted that there was an agreement between him and other persons "to

kidnap three individuals . . . who owed money for narcotics trafficking"; that he knew

that the agreement had an unlawful purpose; and that he joined the agreement with the

intent to further the unlawful purpose, to kidnap the three individuals.   *Id.* at 3.

In the Plea Agreement, Defendant represented that

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up and rendered ineligible to receive valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

E. "Package" Disposition. Further, defendant expressly acknowledges his understanding that the disposition contemplated by this agreement is part of a "package" disposition with his codefendant(s) Carlos Alberto Andrade-De La Cruz and Antonio Zermeno Garcia, wherein the Government's obligations under the agreement are conditioned on the performance by defendant and his codefendant(s) of their obligations under the agreement.

*Id.*

In the Plea Agreement, Defendant waived his right to appeal or to collaterally

attack his conviction and sentence, "unless the Court imposes a custodial sentence

above the greater of the high end of the guideline range recommended by the

Government pursuant to this agreement at the time of sentencing." *Id.* at 10. Defendant

initialed each page of the Plea Agreement and signed the Plea Agreement on the last

page along with his counsel and counsel for the Government.  *Id.* at 1-13.  Above Defendant's signature, the Plea Agreement stated: "Defendant has consulted with counsel and is satisfied with counsel's representation." *Id.* at 12.

On April 26, 2013, before entering his plea, Defendant, through the aid of a Certified Spanish Interpreter, asked for additional time to discuss the Plea Agreement with defense counsel.  (ECF No. 128 at 6).  The Court gave defense counsel and Defendant additional time to further discuss the Plea Agreement. *Id.* at 7.  The Court recalled the matter and stated:

> THE COURT: All right. So we'll continue -- your client indicated to you that he wishes to plead?
> MS. STEVENS: Yes. We straightened out the areas that were in question, and we're prepared to go forward.
> THE COURT: All right. We're going to start over, Mr. Miguel Salas Rodriguez, so we're going to start over from the very beginning, and so do you understand, sir, that you've been sworn under penalty of perjury?
> THE DEFENDANT: Yes.
> THE COURT: All right. In fact, why don't we start from the beginning. Why don't you swear the defendant again so there is no ambiguity.
> THE CLERK: Raise your right hand.
> (Oath administered.)
> THE DEFENDANT: Yes.
> THE COURT: All right. Sir, Luis Miguel Salas Rodriguez, that is your true name; is that correct?
> THE DEFENDANT: Yes.
> MR. BRAVERMAN: Your Honor, I apologize. There should also be a the word "superseding" indictment for this agreement as well.
> THE COURT: All right. I'll give it to you, and you can make the change.
> MR. BRAVERMAN: Thank you, Your Honor.
> THE COURT: Here you go.
> MS. STEVENS: Thank you, Your Honor.
> THE COURT: You're welcome. All right. As I understand it, Mr. Luis Miguel Salas Rodriguez, you've had approximately six years of schooling; is that right?
> THE DEFENDANT: I didn't understand.
> THE COURT: How many years of schooling have you had?
> THE DEFENDANT: Six years, yes.
> THE COURT: All right. If at any time during the hearing you have any questions about what I am saying to you, feel free to interrupt me and you may ask me any questions that you may have. Do you understand, sir?
> THE DEFENDANT: Okay.
> THE COURT: Do you understand you've you been sworn under penalty of perjury, and if you fail to provide truthful answers in this proceeding, you may be prosecuted for perjury?
> THE DEFENDANT: Yes.
> THE COURT: Your counsel has advised me you desire to plead to Count One of a superseding indictment. You wish to change your plea of not guilty to a plea of guilty; is that correct, sir?
> THE DEFENDANT: Yes.

THE COURT: All right. The plea agreement has been provided to me which appears to have your initials in the lower right-hand corner of the agreements and your name printed on the last page of the agreements. Did you, in fact, initial each page of these agreements and print your name on the last page?

THE DEFENDANT: Yes.

THE COURT: Have you had an opportunity to review the agreement paragraph by paragraph and line by line with your counsel?

THE DEFENDANT: Yes.

THE COURT: At the time that you reviewed your agreement with your counsel, was it translated to you in the Spanish language?

THE DEFENDANT: Yes.

THE COURT: Have you had sufficient time to discuss your case and discuss the plea agreement with your counsel?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the legal services of your counsel?

THE DEFENDANT: Yes.

THE COURT: Have you taken any medication or drugs or consumed any alcohol in the past 48 hours?

THE DEFENDANT: No.

THE COURT: Has anyone made any threats to you or anyone close to you to induce you to enter into this plea?

THE DEFENDANT: No.

THE COURT: Has anyone made any promises other than those promises that are contained in the plea agreement in order to get you to plead guilty?

THE DEFENDANT: No.

*Id.* at 11-15.

The Court advised Defendant of his right to a speedy and public trial by jury, his right to force the Government to prove its case beyond a reasonable doubt, his right to appointed counsel if he could not afford one, and his right to put on a defense to the case against him and introduce evidence on his behalf. The Court advised Defendant of his right to have the Court subpoena witnesses and evidence on his behalf, his right to confront and cross-examine witnesses against him, his privileges against self-incrimination, and his right to remain silent. Defendant acknowledged his rights and privileges and agreed to waive his rights for the purposes of pleading guilty to the charges set forth in the Superseding Indictment.

The Court reviewed the sentencing guidelines and the maximum penalties for the charged offense and stated:

THE COURT: Do you understand that imposing sentence, the Court will consider the Sentencing Guidelines in imposing your sentence. Do you understand that the guidelines are advisory only and the Court is not required to follow them?

THE DEFENDANT: Yes.

1
2
3
4
5
6
7
8

> THE COURT: Do you understand that if the Court follows the plea agreement that you may not appeal your sentence or later collaterally attack the sentence or judgment?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand that there are certain agreements that your client -- your counsel has made with the Government concerning the Sentencing Guidelines, and they've agreed that there are certain calculations that they agree to be bound by. Do you understand that I am not bound by those calculations?
> THE DEFENDANT: Yes.
> THE COURT: So do you understand that I can impose any sentence that I think is appropriate. I will I certainly consider what your counsel has to say and Government counsel has to say, but I am not bound by their recommendations? Do you understand that?
> THE DEFENDANT: Yes.

9 *Id.* at 20-21.

10   At the conclusion of the hearing, the Court accepted the plea and stated: "I find
11 the defendant has freely, voluntarily, and competently entered the plea; that he
12 understands the plea agreement, the charges against him, and the consequences of the
13 plea; that there is a factual basis for the plea; and that the defendant has knowingly and
14 intelligently waived his rights." *Id.* at 22.

15   On December 11, 2013, Defendant appeared before this Court for a sentencing
16 hearing. (ECF No. 129). Defendant stated, "I would like to apologize for the crime that
17 I committed. I would like to ask respectfully to the US Government that I be given a
18 chance. The reason that I ask for this second opportunity, I want to demonstrate that
19 I really do regret the crime that I committed." *Id.* at 9. The Government recommended
20 a sentence of 135 months.[1] (ECF No. 129 at 12). The Court reviewed the sentencing
21 materials and found that the Advisory Sentencing Guideline Range was 87 to 108
22 months. *Id.* at 20. After considering all of the factors set forth in 18 U.S.C. § 3553, the
23 Court sentenced Defendant to 92 months in the custody of the Bureau of Prisons, to be
24 followed by 5 years of supervised release. *Id*. at 24. During the sentencing hearing, the
25 Court confirmed with defense counsel in open court that the Defendant had waived his
26 rights to appeal or collaterally attack his sentence. *Id.* at 25.

27

28   [1]In the Government's Sentencing Memorandum, the Government recommended an adjusted offense level of 31 and a resulting guideline range of 108-135 months. (ECF No. 114 at 12).

On January 6, 2015, Defendant filed an application for authorization to file a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 with the United States Court of Appeals for the Ninth Circuit.[2]  On June 26, 2015, the Court of Appeals denied the motion as unnecessary because Defendant "has not had a prior 28 U.S.C. § 2255 motion adjudicated on the merits by the district court."  (ECF No. 126 at 16).  On July 10, 2015, Defendant mailed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 to this Court.  On July 16, 2015, this Court accepted the filing nunc pro tunc.

## CONTENTIONS OF PARTIES

Defendant moves the Court to vacate, set aside or correct his sentence on the ground that he did not receive effective assistance of counsel.  (ECF No. 126 at 5-6). Defendant asserts that his counsel "failed to provide [him] with the evidence [he] was being accused of" and that he never had the opportunity to defend himself against "these very serious accusations brought on by the CI working for the FBI."  *Id.* at 5. Defendant asserts that his counsel was "always more interested in [him] signing a GUILTY of PLEA and move forward with the sentencing part."  *Id.* Defendant contends that his counsel "tells [him] verbally to sign [the plea agreement] and that [Defendant] would get a very short sentence or be allowed to go home . . . She mentioned something like 41-51 Months." *Id.* at 6. Defendant further contends that his counsel failed to file an appeal after Defendant "told [his] attorney to appeal right away." *Id.* at 5.

Plaintiff United States contends that Defendant is time barred from raising a habeas challenge to his conviction and sentence because Defendant filed his petitions with the Court of Appeals and with this District Court after the one-year statute of limitations period expired.  Plaintiff United States further contends that Defendant fails to meet his burden to prove ineffective assistance of counsel because (1) defense

---

[2]The Proof of Service indicates Defendant mailed the application to the Court of Appeals on December 31, 2014.

counsel's performance was not deficient, and (2) Defendant "does not allege that the result would be different absent his claims." (ECF No. 132 at 9).

### APPLICABLE LAW

28 U.S.C. § 2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without the jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.  If any of these grounds exists, the court "shall vacate and set the judgment aside and shall discharge the prisoner or release him or grant a new trial or correct the sentence as may appear appropriate." *Id.*  "A 1-year period of limitation shall apply to a motion under this section" and "shall run from . . . the date on which the judgement of conviction becomes final." *Id*. Where the motion, files, and records of the case "conclusively show that the prisoner is entitled to no relief," the court need not hold an evidentiary hearing to address his allegations.  *Id.*; *see also United States v. Zuno-Arce*, 209 F.3d 1095, 1102 (9th Cir. 2000), *rev'd. on other grounds*.

A waiver barring collateral attack of a conviction or sentence is enforceable when voluntarily made.  *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (citations omitted).  "A defendant's waiver of appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) if the waiver was knowingly and voluntarily made." *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005).  Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is "clear and unambiguous on its face." *Id.*  "A waiver of the right to appeal is knowing and voluntary where the plea agreement as a whole was knowingly and voluntarily made." *Id.* at 1154.  "A plea agreement . . . that waives the right to file a petition under § 2255 is unenforceable with

- 7 -

respect to an ineffective assistance of counsel claim (IAC) that challenges the voluntariness of the waiver." *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (citation omitted).

## RULING OF THE COURT

**Time-Barred**

Plaintiff United States contends that Defendant is time barred from raising a habeas challenge to his conviction and sentence because Defendant "filed each of his petitions after the limitations period expired." (ECF No. 132 at 5). In this case, the judgment of conviction was entered on December 11, 2013. (ECF No. 122). The judgment became final on December 25, 2013.[3] After the 1-year period of limitation expired on December 25, 2014, Defendant filed an application for authorization to file a second or successive 28 U.S.C. § 2255 motion with the Ninth Circuit. Defendant later filed a 28 U.S.C. § 2255 motion with this Court. Defendant is time barred from raising a challenge to his conviction under 28 U.S.C. § 2255, because Defendant failed to petition for relief within the 1-year period of limitation.

**Ineffective Assistance of Counsel**

Even assuming Defendant is not time-barred from petitioning the Court for relief under 28 U.S.C. § 2255, the allegations in the petition do not support a finding of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel the Defendant must show: 1) the representation of counsel fell below an objective standard of reasonableness and 2) any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceedings unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

---

[3] Judgment became final on December 25, 2013, because Defendant did not file a notice of appeal within 14 days of the entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A).

In order to show counsel's performance fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). When a defendant challenges a guilty plea based on ineffective assistance of counsel, the inquiry focuses on "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Shah*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citation omitted). "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Signori,* 844 F.2d 635, 638 (9th Cir. 1988). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689. A deficient performance requires showing "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

**Access to Evidence and Estimation of Sentencing Range**

Defendant contends that defense counsel was deficient because she "failed to provide [him] with the evidence he was being accused of" and told him "to sign [the plea agreement] and that [he] would get a very short sentence or be allowed to go home . . . She mentioned something like 41-51 Months." (ECF No. 126 at 5-6). Plaintiff United States asserts that the record shows that the Defendant was satisfied with defense counsel and that Defendant was fully informed of the charges and the consequences of his plea by defense counsel and by the Court.

In the plea agreement, Defendant represented that he had a full opportunity to discuss all the facts and circumstances of his case with defense counsel and that he had a clear understanding of the charges and consequences of the plea. The plea agreement provided the parties sentencing recommendations and informed Defendant that the

sentence was within the sole discretion of the sentencing judge. During the plea colloquy, the Court asked Defendant if he had reviewed the plea agreement paragraph by paragraph and line by line with his counsel. Defendant responded in the affirmative. The Court asked Defendant if he had sufficient time to discuss his case and plea agreement with his counsel. Defendant responded in the affirmative. The Court asked Defendant if he was satisfied with the legal services of his counsel. Defendant responded in the affirmative. The Court asked Defendant if anyone had made any promises other than the promises made in the plea agreement in order to get Defendant to plead guilty. Defendant responded, "No." (ECF No. 128 at 15). The Court inquired about the factual basis for the guilty plea and asked Defendant if he understood that by pleading guilty to the offense he would be admitting to conspiring to commit the crime of kidnaping. Defendant affirmed.

Defendant's former counsel stated in a declaration that she and her investigator "spent a significant amount of time explaining to [Defendant] the sentencing guidelines" and that she "specifically explained to [Defendant] the sentencing calculations contained in Paragraph X of the Plea Agreement." (ECF No. 132-6 at 3). Defendant's former counsel stated, "At no time did I tell him that the Court would impose a sentence of 41 to 51 months or that he would be allowed to go home. I believe that [Defendant] understood the sentencing guidelines for his case and that the Court had the discretion to impose a sentence." *Id.*

The record shows that Defendant discussed his plea with defense counsel. Defendant acknowledged in open court that he was satisfied with his legal counsel and that he understood the consequences of his plea. The record establishes that the Court reviewed in open court the factual basis for the plea, the elements of the charge, and the penalties. The Court asked Defendant whether he had sufficient time to discuss his case and the plea agreement with his counsel. Defendant stated, "Yes." (ECF No. 128 at 14). The Court asked Defendant whether he was satisfied with the legal services of his counsel. Defendant stated, "Yes." *Id.* The Court inquired whether Defendant had

any questions about the charges, the penalties, and the waiver of appeal.  Defendant stated that he understood and that he had no questions.  After a thorough colloquy, the Court found that the plea was "freely, voluntarily, and competently entered.  *Id.* at 22. Based on the facts in the record, the Court finds the advice of defense counsel was "within the range of competence demanded of attorneys in criminal cases."  *Signori,* 844 F.2d at 638.  There are no grounds to support the claim that his defense counsel was deficient or that his plea was not knowing and voluntary.  **Failure to File an Appeal**

Defendant contends that defense counsel was deficient because she failed to file an appeal after Defendant "told [her] to appeal right away."  (ECF No. 126 at 5). Plaintiff United States asserts that the Defendant cannot show that counsel's performance was deficient because Defendant waived appeal.

Defendant's former counsel stated in a declaration that "under the terms of the plea agreement, Mr. Salas-Rodriguez had waived his right to appeal.  Therefore, I did not file a notice of appeal on his behalf.  Nor did he ask me to file an Appeal.  (ECF No. 132-6 at 2-3).  The record establishes that the Defendant had waived his right to appeal under the terms of the plea agreement.  The Plea Agreement provided that Defendant waived his right to appeal or to collaterally attack his conviction and sentence, "unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing."  *Id.* at 10.  At the time of sentencing, the Government recommended an adjusted offense level of 31 and a resulting guideline range of 108-135 months.  (ECF No. 114 at 12).  At the sentencing hearing, the Government recommended a sentence of 135 months.  (ECF No. 129 at 12).  The Court imposed a sentence of 92 months in the custody of the Bureau of Prisons, to be followed by 5 years of supervised release. *Id.* at 24.

The record in this case conclusively establishes that Defendant is not entitled to relief under Section 2255 on the grounds that defense counsel was deficient because she failed to file an appeal.  The claim that defense counsel failed to file an appeal has no

bearing on the "voluntary and intelligent character of the guilty plea." *Signori,* 844 F.2d at 638.  In addition, Defendant can not establish any prejudice resulting from a failure to file an appeal because Defendant waived his right to appeal or to collaterally attack his conviction and sentence. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) ("Both deficient performance and prejudice are required. . ." ).

## CONCLUSION

The record conclusively establishes that Defendant is not entitled to an order to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

IT IS HEREBY ORDERED the Motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody filed by Defendant Luis Salas-Rodriguez (ECF No. 126) is denied.

DATED:  March 15, 2016

**WILLIAM Q. HAYES**
United States District Judge